UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| MICHAEL HOUSTON PURKEY, | ) |
| Petitioner, | ) |
| vs. | ) Case No. 1:11CV00014 SNLJ |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

## ORDER

This case is a motion under 28 U. S. C. § 2255 to vacate, set aside or correct sentence by Michael Houston Purkey, a person in federal custody. On November 6, 2009, Purkey plead guilty before this Court to the offense of Attempt to Manufacture Methamphetamine and being a Felon in Possession of a Firearm, and on February 5, 2010, this Court sentenced Purkey to the Bureau of Prisons for a term of 188 months, a sentence within the sentencing guideline range. Purkey's § 2255 action is fully briefed and ripe for disposition.

## PROCEDURAL HISTORY

Purkey was arrested after SEMO Drug Task Force Officers attempted to conduct a traffic stop of a vehicle that he was driving in Cape Girardeau Missouri. (Plea Stip, pp. 9-10)[1] Purkey fled and threw a handgun out of the window of the vehicle which was later recovered by police. (Plea Stip, p. 10) When Purkey was located, he was arrested and the vehicle was impounded. (Id) Police located a number of items associated with the manufacture of methamphetamine, a rifle and some ammunition in the subsequent search of the vehicle. (Id) Purkey would later admit to federal agents that the items in the vehicle belonged to him. (Id)

---

[1] Plea Stip: The written plea agreement and stipulation form.

Purkey was indicted by the Grand Jury sitting in the Southeastern Division of the Eastern District of Missouri on one count of Attempting to Manufacture Methamphetamine in violation of 21 U.S.C. § 841(a)(1) and § 846, and one count of Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1). Purkey pleaded guilty on November 6, 2009, under the terms and conditions of a written plea agreement (Plea Stip).

Purkey specifically stipulated as a part of the written plea agreement that he was subject to an enhancement as an armed career criminal under the provisions of 18 U.S.C. § 924(e), due to his prior convictions. (Plea Stip, p. 7) Purkey stipulated as a part of the factual basis portion of the plea that he had prior convictions on June 23, 1981 for Burglary Second, on March 23, 1982 for Burglary Second and Escape from Confinement, on May 19, 1992 for Burglary Second and on June 23, 2003 for Assault Second. (Plea Stip, pp. 11-12)

The Presentence Report concurred in the recommendation that Purkey qualified as an armed career criminal under the provisions of 18 U.S.C. § 924(e) and recommended a total offense level of 31 and a criminal history category of VI. (PSR, ¶ 27, 29, 77) Purkey accepted these recommendations without objection. (Document 31) Purkey would ultimately be sentenced to concurrent terms of incarceration of 188 months as to each of the two counts.

Purkey now brings the above action pursuant to 28 U.S.C. § 2255 seeking to vacate his conviction based upon the theory that his convictions for burglary were not predicate felonies in light of recent changes in case law.

### NEED FOR EVIDENTIARY HEARING AND BURDEN OF PROOF

28 U.S.C. §2255 provides, in pertinent part:

> Unless the motion and the files and records of the case conclusively show that the prisoner is not entitled to relief, the court shall . . . grant a prompt hearing thereon.

Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Court states:

> The motion, together with all the files, records, transcripts, and correspondence relating to the judgment under attack, shall be examined promptly by the judge to whom it is assigned. If it plainly appears from the face of the motion and any annexed exhibits in the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified.

When a petition is brought under §2255, the petitioner bears the burden of establishing the need for an evidentiary hearing. In determining whether petitioner is entitled to an evidentiary hearing the court must take many of petitioner's factual averments as true, but the court need not give weight to conclusory allegations, self interest and characterizations, discredited inventions, or opprobrious epithets. *United States v. McGill*, 11 F.3d 223, 225 (1st Cir. 1993). A hearing is unnecessary when a Section 2255 motion (1) is inadequate on its face, or (2) although facially adequate is conclusively refuted as to the alleged facts by the files and the records of the case. *Id*. at 225-6. See also *United States v. Robinson*, 64 F.3d 403 (8th Cir. 1995); *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995).

When all the information necessary for the court to make a decision with regard to claims raised in a 2255 motion is included in the record, there is no need for an evidentiary hearing. *Rogers v. United States*, 1 F.3d 697, 699 (8th Cir. 1993). An evidentiary hearing is unnecessary where the files and records conclusively show petitioner is not entitled to relief. *United States v. Schmitz*, 887 F.2d 843, 844 (8th Cir. 1989); *Dall v. United States*, 957 F.2d 571, 573 (8th Cir. 1992).

### BURDEN OF PROOF - INEFFECTIVE ASSISTANCE OF COUNSEL

In order to prevail on a theory of ineffective assistance of counsel, the Movant must

demonstrate two separate things; that counsel's representation fell below an objective standard of reasonableness (was constitutionally deficient) , and secondly that counsel's deficient performance materially and adversely prejudiced the outcome of the case. *Furnish v. United States of America*, 252 F.3d 950, 951 (8th Cir. 2001) While counsel has a duty to make reasonable investigations and decisions, "in determining whether counsel's performance was deficient, the court should "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance" ". *Collins v. Dormire*, 240 F.3d 724, 727 (8th Cir. 2001) (*citing Strickland, 466 U.S. at 689*)

In order to prove that counsel's error was prejudicial, Movant must prove that "there is a reasonable probability that, but for counsel's unprofessional errors, the results of the proceedings would have been different." *Strickland*, 466 U.S. at 694. A reasonable probability has been described as "a probability sufficient to undermine confidence in the outcome". Id. However, the reviewing court need not address the issue of counsel's performance if it determines that the movant "suffered no prejudice from the alleged ineffectiveness." *Pryor v. Norris*, 103 F.3d 710, 712 (8th Cir. 1997)

### DISCUSSION

**PURKEY'S PRIOR CONVICTIONS FOR BURGLARY SECOND ARE PREDICATE OFFENSES FOR PURPOSES OF THE A.C.C.A.**

Purkey first advances the argument in his § 2255 Motion that under *Begay v. United States,* 553 U.S. 137 (2008), and *Johnson v. United States*, 130 S.Ct. 1265 (2010), burglary second is no longer a violent felony.

> "Movant's prior burglary charges were used against him for the purposes of the ACCA. However, under Begay, they do not qualify as having "physical force" element." (Purkey's memorandum of law, Document 1, p. 9)

Purkey misses the fact that *Begay* and *Johnson* are inapplicable to his case, as they both deal with the so called "catch all" provision of 18 U.S.C. § 924(e)(2)(B)(i), which requires "as an element the use, attempted use, or threatened use of physical force against the person of another." Purkey's convictions for burglary qualify under a different section of the Act, § 924(e)(2)(B)(ii), which specifically defines burglary as a "violent felony".

Subsequent to *Begay*, this argument has been raised and rejected by the Eighth Circuit on more than one occasion. In *United States v. Stymiest*, 581 F.3d 759 (8th Cir. 2009), the defendant argued that his conviction under South Dakota law for a third degree burglary of an unoccupied building did not constitute a violent felony for purposes of the career offender enhancement. Rejecting this argument, the Court stated:

> Stymiest's third-degree burglary of an unoccupied structure was a generic burglary under *Taylor*, 495 U.S. at 597, 110 S.Ct. 2143 (Congress presumably realized that the word burglary is commonly understood to include...burglaries involving...an unoccupied building). *Stymiest*, 581 F.3d 759, 767.

In *United States v. Haas*, 623 F.3d 1214 (8th Cir. 2010) the defendant argued that his prior convictions for burglarizing a motor home and a locked garage were not crimes of violence for purposes of career offender treatment in light of *Begay*. The Court ruled that the burglary convictions were in fact qualifying priors and commented that *Begay* did not undermine the Court's previous decisions that generic burglary, including burglary of a commercial building is a crime of violence. *Haas*, 623 F.3d 1214, fn 6.

In *United States v. Webster*, 2011 WL 710202 (8th Cir. March 2, 2011), the Court commented on this issue in the context of the Government's argument that the district court had erred in finding that the defendant had not been proven to have been convicted of a violent felony.

> Title 18, United States Code, Section 924(e)(2)(B)(ii) specifically includes the crime of burglary within the definition of "violent felony"...it is settled "that a person has been convicted of burglary for purposes of a § 924(e) enhancement if he is convicted of any crime, regardless of its exact definition or label, having basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime. *Id*, Citing *Taylor*, 495 U.S. at 599.

This reasoning has been followed consistently by the Eighth Circuit in finding that convictions for second degree burglary under Missouri law qualify as violent felonies for purposes of the Armed Career Criminal Act. See; *United States v. Hapgood*, 373 Fed. Appx. 636, (8th Cir. May 3, 2010)(Unpublished opinion) and *United States v. Bell*, 445 F.3d 1086, 1090-91 (8th Cir. 2006).

Purkey also makes the argument that his attorney was ineffective for failing to make the argument at sentencing that his convictions for second degree burglary did not qualify as predicate felonies for purposes of the Armed Career Criminal Act. (Purkey's memorandum of law, Document 1, p. 10) This argument is without merit in that because the law is well established in this area, it was not error for his attorney to fail to argue something to the contrary. Counsel can not be considered to be ineffective for failing advance a theory upon which a defendant would not have prevailed. *United States v. Johnson*, 707 F.2d 317, 320 (8th Cir. 1983)

Finally, in Purkey's "Traverse to Government's Response," he claims that, "Just because [his] prior charges are labeled as 'burglaries' it doesn't mean they fit the legal definition of a burglary." He explains that he never entered into a building in connection with the 1982 conviction and that he merely stole copper wire from a power substation in connection with the 1992 conviction. All this, however, is an impermissible attempt to collaterally attack the prior convictions as if he was not guilty despite his plea of guilty. Ultimately, he makes no challenge to the fact that the offense of second degree burglary under Missouri law does indeed have as its

basic elements the unlawful entry into or remaining in a building or structure with intent to commit a crime.  This crime, to which he twice plea guilty, constitutes a violent felony under the Armed Career Criminal Act.

## CONCLUSION

For the foregoing reasons, Purkey's § 2255 motion is **DENIED**.

**SO ORDERED** this 16th day of November, 2011.

_____
**STEPHEN N. LIMBAUGH, JR.**
**UNITED STATES DISTRICT JUDGE**